ELLIS, Judge.
For the reasons assigned in the companion case of Pelegrin v. Hebert, 107 So. 2d 853 this day handed down, we have concluded that the defendant Hebert is liable and, therefore, the only question to be discussed here is that of quantum. The trial judge resolved the matter as follows:
“Miss Savoie injured her nose, broke her glasses, and suffered bruises in her chest. She was confined to Terrebonne •General Hospital for three days, and then at home for two weeks, returning to work on August 20th, exactly three months after the accident.
“She was paid compensation of ‘Sixty some odd dollars a month’ (Tr. p. 17) by the Travelers Indemnity Company for three (3) months. The petition of the Travelers Indemnity Company is for compensation in the sum of One Hundred Seventy and 63/100 ($170.63) Dollars. The uncontradicted testimony of Miss Savoie shows compensation in in excess of that sought by the interven- or, though only in a small amount. Therefore, we must conclude that The Travelers Indemnity Company should recover the sum of One Hundred Seventy and 63/100 ($170.63) Dollars.
“The Travelers Indemnity Company also claims Eighty-four and no/100 ($84.00) Dollars paid to Terrebonne •General Hospital and the sum of Fifty-nine and 50/100 ($59.50) Dollars paid to Dr. Allen J. Ellender.
“Miss Savoie testified that the sum of Eighty-four and no/100 ($84.00) Dollars was paid to the hospital (Tr. p. 17) and Dr. Ellender testified as to the amount of his bill.
“The sum of Three Hundred Fourteen and 13/100 ($314.13) Dollars, consisting of the three items claimed by the Travelers Indemnity Company, has been proven, and, therefore, The Travelers Indemnity Company should have judgment for the sum of Three Hundred Fourteen and 13/100 ($114.13) Dollars, to be paid out of the Judgment recovered by Miss Savoie.
“In addition to the above items, Miss Savoie proved the loss of Twenty-five and no/100 ($25.00) Dollars to repair *859 her broken glasses (Tr. p. 17). She has proven the sum of Two and no/100 ($2.00) Dollars for one bottle of headache medicine and believes that she had two bottles, and she does not know the sum that she paid for pills which she bought to relieve her pain. (Tr. p. 18).
“She testified that her salary was One Hundred and no/100 ($100.00) Dollars a month plus. Therefore, she is entitled to the sum of Three Hundred and no/100 ($300.00) Dollars for loss of wages.
“Dr. Ellender stated that Miss Sa-voie had a laceration over the bridge of her nose, and that the bridge of her glasses was forced through the skin into the bone itself (Tr. p. 70). He found a fracture of the end of the nasal bone. She was given the usual first aid measures, tetanus toxoid, penicillin and sedatives. The cut on the nose was cleaned and sutured, and she was admitted to the hospital for observation. She was kept in the hospital because of headaches and because in compound fractures, the administration of penicillin is a proper procedure. (Tr. page 70). Dr. Ellender discharged Miss Sa-voie on September 2, 1955, as free of symptoms (Tr. p. 71).
“Taking into consideration her injuries, pain and suffering, we believe that the sum of Three Thousand and no/100 ($3,000.00) Dollars would be sufficient. Add to this the Three Hundred and no/100 ($300.00) Dollars loss of earnings, the Eighty-four and no/100 ($84.00) Dollars Terrebonne General Hospital Bill, the Fifty-nine and 50/100 ($59.50) Dollars bill of Dr. Ellender, the Twenty-five and no/100 ($25.00) Dollars paid for glasses, and the sum of Two and no/100 ($2.00) Dollars paid for drugs, the plaintiff, Miss Savoie, should have judgment for the sum of Three Thousand, Four hundred Seventy and 50/100 ($3,470.50) Dollars, out of which the sum of Three Hundred Fourteen and 13/100 ($314.13) Dollars should be paid to the Travelers' Indemnity Company.”
The award to the Travelers Indemnity Company is correct and, therefore affirmed.
We find the actual damages awarded Miss Savoie to be correct but feel that the award for her injuries, pain and suffering is excessive, and feel that it should be reduced to the amount of $2,000 rather than $3,000.
For the reasons assigned the judgment in favor of the Travelers Indemnity Company is affirmed and the judgment in favor of Miss Lela Savoie is reduced from the total amount of $3,470.50 to the sum of $2,-470.50.
Affirmed as amended.
LOTTINGER, J., recused.